IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE,

    Plaintiff,

                                                      Civil Action 2:18-cv-00943
                                                     Judge Algenon L. Marbley
    v.                                            Chief Magistrate Judge Elizabeth P. Deavers

DUBLIN CITY SCHOOL
DISTRICT BOARD OF EDUCATION,

    Defendant.

**ORDER**

This matter is before the Court for consideration of Plaintiff John Doe's Motion for Substitution of Real Party in Interest. (ECF No. 24.) Plaintiff John Doe moves to substitute Jane Doe as the real party in interest because Jane Doe has now reached the age of majority (18 years) in Ohio. Plaintiff John Doe, Jane Doe's father, therefore now lacks the capacity to represent Jane Doe as the next friend and father of a minor. Defendant does not oppose the Motion.

Plaintiff John Doe initiated this action on August 23, 2018 by filing a Complaint. (ECF No. 1.) At the time, Jane Doe, his daughter and the real party in interest, was a minor and lacked the capacity to sue on her own behalf. Accordingly, John Doe initiated the action as the next friend and father of a minor. Fed. R. Civ. P. 17(c). Now that Jane Doe has reached the age of majority in Ohio, substitution is permitted. *See Walker v. Evans*, No. 10-12596, 2011 WL 3583248, at *1 (E.D. Mich. Aug. 15, 2011) (permitting minors who had now reached the age of majority to be substituted in given that there was "no reason why substitution would not be

appropriate, under either [Rule 25 of the Federal Rules of Civil Procedure] or under Rule 15 permitting amendments to the complaint, when minor parties reach the age of majority.")

Rule 25 of the Federal Rules of Civil Procedure, which governs the substitution of parties, though, does not explicitly contemplate this type of substitution, provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Under these circumstances, the Court concludes that substitution of the Plaintiff is warranted. Accordingly, for good cause shown, Plaintiff's Motion is **GRANTED**. The Clerk is **DIRECTED** to substitute Jane Doe, in place of John Doe, as Plaintiff in this action.

    **IT IS SO ORDERED.**


**Date: March 27, 2019**          */s/ Elizabeth A. Preston Deavers*_____
                                                               **ELIZABETH A. PRESTON DEAVERS**
                                                                **CHIEF UNITED STATES MAGISTRATE JUDGE**