IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**JANE DOE,**

    **Plaintiff,**

                                                Civil Action 2:18-cv-00943
                                                Judge Algenon L. Marbley
    v.                                         Chief Magistrate Judge Elizabeth P. Deavers


**DUBLIN CITY SCHOOL DISTRICT
BOARD OF EDUCATION,**

    **Defendant.**


## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Enforce Subpoena *Duces Tecum* to Department of Justice (ECF No. 19), Movant United States Department of Justice's ("DOJ") Combined Response in Opposition to Plaintiff's Motion to Enforce Subpoena and Cross-Motion to Quash Subpoena (ECF Nos. 20 & 21[1]), Plaintiff's Reply in Support of her Motion to Enforce Subpoena *Duces Tecum* and Memorandum in Opposition to DOJ's Motion to Quash (ECF No. 22), and DOJ's Reply in Support of its Cross-Motion to Quash Subpoena (ECF No. 23). For the reasons more fully stated on the record, Plaintiff's Motion to Enforce Subpoena *Duces Tecum* is **DENIED**. Consequently, DOJ's Motion to Quash Subpoena is **DENIED AS MOOT**.

---

[1] The two ECF numbers refer to the same document. The identical document was filed twice so that it could be referred to as both the Response in Opposition (ECF No. 20) and Cross Motion to Quash (ECF No. 21) by the parties and the Court.

# I.

Plaintiff, proceeding under a pseudonym, initiated the underlying action on August 23, 2018. (ECF No. 1.) On November 16, 2018, Plaintiff filed an Amended Complaint in order to bring claims against the correct legal entity, Defendant Dublin City School District Board of Education. (ECF No. 7.) Plaintiff raises claims under the Fourteenth Amendment of the United States Constitution and Title IX of the Education Amendments of 1972. (*Id.*) Plaintiff's allegations involve a Dublin City School District teacher, Mr. Lee, who engaged in a sexual relationship with Plaintiff when she was a high school student at Dublin City Schools. (*Id.*) Specifically, Plaintiff alleges as follows:

> [Dublin City School District Board of Education, in] failing to take prompt and effective steps to protect Ms. Doe and other minor female students from the substantial risk Mr. Lee posed to them of using the positions it assigned him, information it had provided to him, and student enrollment and progress in an Advanced Placement Class it offered, to prey on vulnerable students and groom them for sexual activity, when it had actual knowledge of that risk and instead at most meting out discipline disproportionately lenient in light of his repeated improprieties and its realization that its prior steps had been ineffective and at worst tacitly authorizing or knowingly acquiescing in his misconduct by neither monitoring him nor taking adequate precautions to prevent its repetition, Defendant deprived Ms. Doe of her substantive due process rights to personal security and bodily integrity guaranteed by the Fourteenth Amendment to the United States Constitution. . . . [and] inflicted on Ms. Doe a sexually hostile learning environment so severe, pervasive, and objectively offensive that it deprived her of equal access to education opportunities or benefits in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

(*Id.* at pg. 42–43, ¶¶ 268-269.) Prior to the filing of the original Complaint in the instant action, Mr. Lee was investigated by the Dublin Police, arrested on federal child pornography charges, and pled guilty to child pornography charges in Federal Court. (*Id.* at ¶¶ 243, 245–48.) Mr. Lee was sentenced to 21 years in prison. (*Id.* at ¶ 249.) The DOJ, specifically the United States Attorney's Office for the Southern District of Ohio, handled the prosecution of Mr. Lee, which was investigated, in part, by the Federal Bureau of Investigation ("FBI"). (ECF No. 20, at pg. 1.)

Plaintiff's Motion to Enforce Subpoena *Duces Tecum* stems from documents and materials compiled by the United States Attorney's Office in its prosecution of Mr. Lee in *United States v. Gregory R. Lee*, Case No. 2:17-cr-172. (ECF No. 19, at pg. 1.) Plaintiff served the DOJ with the subpoena, accompanied by a *Touhy* Declaration, on January 4, 2019 for the documents and materials relating to the criminal investigation of Mr. Lee. (*Id.* at pg. 1; ECF No. 19, Exhibits 1 & 2.) Specifically, Plaintiff seeks the following in her subpoena:

> Please produce all records listed below including electronically stored information <u>with the exceptions noted below</u>, relating to or concerning the prosecution of United States of America v. Gregory R. Lee, Case No. 217 cr 192.
>
> This should include but not be limited to any investigative summaries, witness interviews (including all audio or video recordings), statements of the defendant (including audio or video recordings), and:
>
> Search warrants, search warrant affidavits and records created after the execution of search warrants.
>
> Any forensic analysis of digital of [sic] evidence on any and all media.
>
> Records, if any, from the National Center for Missing and Exploited Children[.]
>
> Victim impact statements.
>
> Any documentation created or used for the pre-sentence investigation.
>
> Proffer letters or other communications reflecting the facts the United States would present to the Court in support of a plea bargain and/or those Mr. Lee would admit in Court.
>
> Interview notes, whether FD-302's or in another format.
>
> **IMPOTANT NOTE: This Subpoena Duces Tecum does <u>not</u> request, and please do <u>not</u> transmit or produce, pornographic images of any kind.**

(*Id.*, Exhibit 1 (emphasis in original).) Plaintiff does not seek to depose any FBI agent or member of the FBI's Child Exploitation Task Force. (*Id.* at pg. 9.) Plaintiff asserts that she has a special need for the documents and materials because "[t]o prove that [Defendant] had actual

3

knowledge of the propensity of [Mr. Lee] to engage in sexual misconduct and permitted him to continue in his position for years while preying on minor female students, [Plaintiff] must identify other victims, investigate the way they were mistreated, and pursue discovery on what [Defendant] knew, when it knew that, and how it responded." (*Id.* at pg. 2.)

The DOJ notified Plaintiff via letter that it had "reviewed the requests for production and [her counsel's] affidavit, and a determination has been made not to release the requested materials." (*Id.*, Exhibit 3, at PAGEID #239.) The DOJ asserts that it "simply does not have documents relevant to the claim in the underlying litigation[,]" and "[e]ven if it did, DOJ cannot be compelled to respond to the subpoena absent authorization under the *Touhy* regulations, and the subpoena therefore must be quashed." (ECF No. 20, at pg. 2.)

## II.

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-CV-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015). "*Relevance* is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (emphasis in original) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2 (citations omitted). Furthermore, when information is "negligibly relevant [or] minimally important in resolving the issues" this will not satisfy the standard. *Id.* (citation omitted).

**III.**

Here, because Plaintiff is seeking enforcement of the subpoena, she has the burden of demonstrating relevance. *Am. Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citation omitted); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requestor to show the relevance of the requested information.") (citation omitted).

As Plaintiff indicates, she seeks the documents and materials from the DOJ "[t]o prove that the [Defendant in the underlying action] had actual knowledge of the propensity of its teacher and coach to engage in sexual misconduct and permitted him to continue in his position for years while preying on minor female students[.]" (ECF No. 19, at pg. 2.) Plaintiff further indicates that she "must . . . pursue discovery on what [Defendant] knew, when it knew that, and how it responded." *Id.*

After reviewing the parties' briefings, the Court convened a status conference to discuss the Motions and the scope of the subpoena. After some discussion, the parties agreed to have the Court conduct an *in camera* review of DOJ's investigative files and Mr. Lee's Presentence Investigation Report ("PSR") to determine whether either contained any information relevant to Plaintiff's claims under Title IX. Specifically, the Court conducted the *in camera* review to determine whether the files or PSR had any evidence or information that tended to prove Defendant had actual knowledge of Mr. Lee's propensity to engage sexually with minor female students or failed to take prompt or effective remedial measures. Having conducted the *in*

*camera* review, the Court concludes that neither DOJ investigative file[2] nor Mr. Lee's PSR contain any relevant information. The materials focus exclusively on Mr. Lee's conduct. The record contains no information that shows when or what Defendant knew of Mr. Lee's propensities. Nor does it mention Defendant's response once it became aware of Mr. Lee's conduct.

Here, the information Plaintiff seeks is not relevant her claims and thus cannot assist her "[t]o prove that the School District had actual knowledge of the propensity of its teacher and coach to engage in sexual misconduct and permitted him to continue in his position for years while preying on minor female students[.]". (*Id.* at pg. 2.).

## IV.

For the foregoing reasons, Plaintiff's Motion to Enforce Subpoena *Duces Tecum* (ECF No. 19) is **DENIED**. The DOJ's Motion to Quash Subpoena (ECF No. 21) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**


**Date: September 19, 2019**　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*　　　
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] To be clear, the investigative file contains Mr. Lee's personnel file from his tenure at Dublin City Schools which does contain relevant information. The Undersigned, however, understands that Plaintiff is already in possession of a copy of Mr. Lee's personnel file. If this understanding is a mistaken, counsel for Plaintiff should contact the Court an arrange a conference.